IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION

Civil No. 1:09-cv-00060

| | |
|---|---|
| Robert Hale, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) **MEMORANDUM IN SUPPORT OF** |
| State of North Dakota, by and through the | ) **DEFENDANT CITY OF MINOT'S** |
| North Dakota Department of Commerce; | ) **MOTION TO DISMISS OR IN THE** |
| Shane Goettle, Director, in his official | ) **ALTERNATIVE FOR A MORE DEFINITE** |
| capacity as Director of the Department of | ) **STATEMENT** |
| Commerce; the Minot Area Development | ) |
| Corporation; and the City of Minot, | ) |
| | ) |
| Defendants. | ) |

\*\*\*         \*\*\*         \*\*\*

**I.      INTRODUCTION**

Defendant City of Minot hereby submits this memorandum in support of *Defendant City Of Minot's Motion To Dismiss Or In The Alternative For A More Definite Statement*, filed herewith. Plaintiff Robert Hale's (hereinafter "Hale") *Complaint* fails to state a claim upon which relief may be granted. Further, Hale's *Complaint* is so vague and ambiguous that the City of Minot cannot reasonably prepare a response. Thus, the Court should dismiss Hale's *Complaint*. In the alternative, the Court should issue an order requiring Hale to provide a more definite statement of his allegations and request for relief with respect to the City of Minot. The City of Minot submits this motion in lieu of a responsive pleading, pursuant to the provisions of Rule 12 of the Federal Rules of Civil Procedure. In the event the Court denies the motion to

dismiss or grants the motion for more definite statement, the City of Minot will file an answer or other appropriate responsive pleading within the deadlines established by Fed.R.Civ.P. 12(a)(4).

## II.     RELEVANT FACTS

Hale commenced the above-captioned lawsuit by summons and complaint in North Dakota state district court, alleging violations of the equal protection and due process provisions of the 14th Amendment to the United States Constitution.  Further, Hale alleges violations of Article X, section 18 of the North Dakota Constitution.  He alleges these violations against the State of North Dakota, Director of the Department of Commerce Shane Goettle, the Minot Area Development Corporation, and the City of Minot.  The City of Minot removed the case to federal court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1446.  This Court has jurisdiction over the state constitutional claims pursuant to 28 U.S.C. § 1367.

While it is not clear from Hale's *Complaint* precisely what programs and expenditures Hale is complaining about, the City of Minot believes Hale's allegations relate to the MAGIC Fund, which is discussed more thoroughly below on pages 5-6

With respect to the City of Minot, Hale alleges, "[t]he City of Minot directly and indirectly provides public moneys to private individuals and private entities (including the Minot Area Development Corporation) in the form of direct expenditures, loan guarantees, and grants." *Complaint* at ¶ 4.  He alleges:

> The Minot Area Development Corporation is a private entity which receives funds from the city of Minot, and other political entities, including the Commerce Department, in which then directly or indirectly provides to private individuals and private entities funds derived from state or political division moneys, grants derived from state or political subdivisions moneys, state or political subdivision grants, or state and political subdivision loan guarantees in violation of Article X Section 18 of the North Dakota Constitution.

Complaint at ¶ 6.

He also alleges the City of Minot has made donations to individuals, associations, and corporations and has allegedly become the owner of capital stock in associations or corporations, allegedly in violation of Article X, section 18 of the North Dakota Constitution.  Id. at ¶¶ 8-9.  The claimed acts are allegedly not being undertaken for public purposes or for support of the poor.  Id. at ¶¶ 12-13.  Hale seeks a declaratory judgment from the Court pursuant to the North Dakota declaratory judgment statutes, North Dakota Century Code chapter 32-23.

Hale does not detail any involvement and/or unconstitutional conduct by the City of Minot as to a specific program, and does not list any specific allegedly unconstitutional acts.  His allegations are vague as to a specific program and unintelligible, making it impossible for the City of Minot to adequately respond with a responsive pleading.  Query what program and what act by the City of Minot was allegedly unconstitutional?

Hale makes the following prayer for relief:

WHEREFORE, Robert Hale requests that the district court

1. declare that Article X section 18 of the North Dakota Constitution prohibits the direct and indirect disbursement of public funds, grants, loans guarantees, and the giving of credit to private persons, associations, and corporations for reasons other than the support of the poor as required under Article X Section 18 of the North Dakota Constitution, and that under the 14th Amendment of the United States Constitution's due process and equal protection clauses – and the similar provisions contained in Article I, Section 16 of the North Dakota Constitution – a state or political subdivision may expend public funds only for public purposes, and only where the public purpose is met,  and

2. declare that such prohibition applies to the State of North Dakota, the North Dakota Department of Commerce, Shane Goettle, Director, in his official capacity as Director of the Department of Commerce; the Minot Area Development Corporation; and the City of Minot.

Id. at Prayer for Relief.

Hale apparently seeks only a declaration by the Court that the federal and state constitutions say what they say and that the federal and state constitutions apply to the state and local governments. Hale does not seek damages and does not seek any specific relief from the Court.

### III.   LAW AND ARGUMENT

Federal Rule of Civil Procedure 8(a) indicates the information that must be included in a complaint and prayer for relief. That rule states:

> A pleading that states a claim for relief must contain:
>
> > (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> >
> > (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> >
> > (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (U.S. 2009), the United States Supreme Court stated Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Further a complaint is insufficient if it merely contains 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). The Court stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

Id. (quoting Twombly, 550 U.S. at 556, 557, 570).

The Court stated, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. It also stated "only a complaint that states a plausible claim for relief survives a motion to dismiss," and that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" Id. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

Hale's *Complaint* fails to state a claim upon which relief may be granted. In that regard, Federal Rule of Civil Procedure 12(b) states in relevant part:

> Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:
>
> \*     \*     \*
>
> (6) failure to state a claim upon which relief can be granted; and
>
> \*     \*     \*
>
> A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed. If a pleading sets out a claim for relief that does not require a responsive pleading, an opposing party may assert at trial any defense to that claim. No defense or objection is waived by joining it with one or more other defenses or objections in a responsive pleading or in a motion.

In this case, Hale does not identify any specific programs or activities by the City of Minot that are alleged to be unconstitutional. The City of Minot believes Hale's allegations with respect to the City of Minot may relate to the Minot Area Growth Through Investment and Cooperation (MAGIC) Fund and the MAGIC Fund Committee. To the extent Hale's allegations relate to the MAGIC Fund or MAGIC Fund Committee, the City of Minot denies any violation

of the federal or state constitutions.  The MAGIC Fund and MAGIC Fund Committee were established in accordance with North Dakota Century Code chapter 40-57.4, which permits the creation of City Job Development Authorities.  Further, the creation of City Job Development Authorities such as the MAGIC Fund Committee have been determined to be constitutional by the Attorney General on numerous occasions in Opinions and Advisory Letters.  Further, North Dakota Supreme Court case law indicates activities such as those conducted by the MAGIC Fund Committee are constitutional.  See e.g. State v. Blunt, 2008 ND 135, 751 N.W.2d 692; Kelly v. Guy, 133 N.W.2d 853 (N.D. 1965); Gripentrog v. City of Wahpeton, 126 N.W.2d 230, 237-238 (N.D. 1964); Northwestern Bell Telephone Co. v. Wentz, 103 N.W.2d 245 (N.D. 1960); North Dakota Attorney General Advisory Letter to Gary Nelson, State Senator (Feb. 19, 1991); North Dakota Attorney General Advisory Letter to Clarence Martin, State Representative (Feb. 11, 1991).

      The MAGIC Fund is financed by 40% of the 1% sales tax charged by the City of Minot.  The MAGIC Fund provides funds for new and expanding businesses in Minot for the public purpose of economic development in the primary sector and development of infrastructure.  Essentially, the Minot Area Development Corporation vets companies who will potentially obtain City money from the MAGIC Fund.  The Minot Area Development Corporation also aids companies seeking money to fill out appropriate forms and applications.  The Minot Area Development Corporation makes recommendations to the MAGIC Fund Committee to provide money to certain business.  The MAGIC Fund Committee then makes a recommendation to the City Council to approve or deny the request for funds.  The City Council gives final approval or

denial of all applications. MAGIC Fund dollars are provided to businesses in the form of various financial arrangements.

Hale's *Complaint* is based in part on Article X, section 18 of the North Dakota Constitution, which states:

> The state, any county or city may make internal improvements and may engage in any industry, enterprise or business, not prohibited by article XX of the constitution, but neither the state nor any political subdivision thereof shall otherwise loan or give its credit or make donations to or in aid of any individual, association or corporation except for reasonable support of the poor, nor subscribe to or become the owner of capital stock in any association or corporation.

This constitutional section was passed in 1918.

Article X, section 18 has been interpreted by the North Dakota Supreme Court several times. In Northwestern Bell Telephone Co. v. Wentz, 103 N.W.2d 245 (N.D. 1960), the court explained the section means that state cannot loan, give its credit, or make donations, except for reasonable support of the poor, nor subscribe to or become owner of capital stock in any association or corporation, except when engaged in making internal improvements or engaged in a state industry, enterprise or business not prohibited by the constitution. Stated another way, the court has stated:

> [Article X, § 18 of the North Dakota Constitution] does not prohibit the making of loans or giving of credit or making donations in connection with a city's engaging in any industry, enterprise, or business except engaging in liquor traffic. What it does prohibit is for a city "otherwise" to make loans or give its credit or make donations. In other words, making loans or giving credit may be done in connection with the city's engaging in any permissible industry, enterprise, or business, but not otherwise.

Gripentrog v. City of Wahpeton, 126 N.W.2d 230, 237-238 (N.D. 1964).

In Kelly v. Guy, 133 N.W.2d 853 (N.D. 1965), with respect to Article X, section 18 the court focused on the public purpose to which the borrower would put the loan proceeds. The

7

statute at issue in that case authorized and appropriated funds to the North Dakota Industrial Commission to make loans to privately or cooperatively owned enterprises for facilities to convert North Dakota natural resources into low cost power and to generate and transmit such low cost power. The court stated:

> This court has already held that Section 185 of the North Dakota Constitution authorizes the state and any county or city to engage in any industry, enterprise, or business, except the business of dealing in intoxicating liquor. <u>Gripentrog v. City of Wahpeton</u>, N.D., 126 N.W.2d 230. In <u>Gripentrog</u> we reviewed the 'public purpose' test applied by the United States Supreme Court in determining whether a particular use of public funds derived from taxation offended the Fourteenth Amendment to the United States Constitution. It seems clear that if the state were to engage directly in the business of transmitting power generated by lignite generation plants as a means of making electric power available to the consuming public, the public purpose test would be met.
>
> The making of a loan to further the same purpose, i.e., the generation of electric energy and distribution of the same to the consuming public attains the same goal. This becomes evident in a case where a loan made by the state is defaulted and the state acquires the properties upon foreclosure of its security. If operation of the transmission facility is a public purpose when conducted by the state after acquisition upon foreclosure of the security, surely the making of a loan to construct and operate the facility prior to foreclosure serves the same public purpose.

"[A] public purpose is defined as 'the promotion of the public health, safety, morals, general welfare, security, <u>prosperity</u>, and contentment of all the inhabitants or residents within a given political division.'" <u>State v. Blunt</u>, 2008 ND 135, 751 N.W.2d 692 (emphasis added). Further, the North Dakota Attorney General has determined the objective of job development authorities is to use financial and other resources to encourage and assist in the development of employment within the city or county, and thus the legislature has declared that job development authorities do serve a public purpose. Therefore, a job development authority is an "industry, enterprise, or business" engaged in by the city or county and serves a public purpose.

In any event, it is not even clear from Hale's Complaint whether he is complaining about the MAGIC Fund and/or other programs or expenditures.

Further, Hale's prayer for relief does not seek any specific remedy such as cessation of certain programs, damages to Hale, or other remedies. Hale's prayer for relief essentially requests a declaration that the constitutions of the United States and North Dakota say what they say and that they apply to the City of Minot. Hale must specify some claim for relief that the Court may grant other than a mere recitation of constitutional provisions. Therefore, Hale's *Complaint* should be dismissed.

In the alternative, if the Court does not dismiss Hale's *Complaint*, the Court should issue an order requiring Hale to provide a more definite statement of his allegations and request for relief with respect to the City of Minot. Federal Rule of Civil Procedure 12(e) states:

> A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired. If the court orders a more definite statement and the order is not obeyed within 10 days after notice of the order or within the time the court sets, the court may strike the pleading or issue any other appropriate order.

Query how the City of Minot can possibly provide a responsive pleading when Hale has not explained what exactly he is complaining about and he seeks no specific relief other than a recitation of constitutional provisions? If Hale's allegations relate to the MAGIC Fund, he must say so and he must explain how the activities of the MAGIC Fund Committee allegedly constitute constitutional violations, especially in light of the North Dakota Supreme Court decisions and North Dakota Attorney General Opinions which indicate otherwise.

IV.     CONCLUSION

For the foregoing reasons, the City of Minot respectfully requests the Court dismiss Hale's *Complaint*. In the alternative, the City of Minot requests the Court order Hale to provide a more definite statement of his allegations and request for relief with respect to his claims as to the City of Minot.

Dated this 15th day of September, 2009.

                                          SMITH BAKKE PORSBORG SCHWEIGERT


                                          By:  *s/Randall J. Bakke*
                                                Randall J. Bakke
                                                116 North Second Street
                                                P.O. Box 460
                                                Bismarck, ND 58502-0460
                                                (701) 258-0630
                                                ND State Bar ID No. 03898

                                                Attorneys for defendant City of Minot


**CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2009, a true and correct copy of the foregoing **MEMORANDUM IN SUPPORT OF DEFENDANT CITY OF MINOT'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT** was filed electronically with the Clerk of Court through ECF, and that ECF will send a Notice of Electronic Filing (NEF) to the following:

ATTORNEY FOR PLAINTIFF:

    Lynn M. Boughey
    Attorney at Law
    P. O. Box 836
    Bismarck, ND 58502-0836
    lynnboughey@midconetwork.com

I further certify that a copy of the foregoing document and the Notice of Electronic Filing will be mailed by first class mail, postage paid, to the following:

ATTORNEY FOR DEFENDANT MINOT AREA DEVELOPMENT CORP.:

    Bryan Van Grinsven
    McGee Law Firm
    P. O. Box 998
    Minot, ND 58702-0998
    bvangrinsven@mcgeelaw.com

ATTORNEY FOR STATE OF NORTH DAKOTA DEFENDANTS:

    Douglas A. Bahr
    Office of Attorney General
    500 North Ninth Street
    Bismarck, ND 58501-4509
    dbahr@nd.gov

                                     By: *s/Randall J. Bakke*
                                              RANDALL J. BAKKE

Brief – Dismiss – Definite Statement