**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Robert Hale, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER FOR REMAND** |
| | ) | |
| vs. | ) | |
| | ) | |
| State of North Dakota, by and through the North Dakota Department of Commerce; Shane Goettle, Director, in his official capacity as Director of the Department of Commerce; the Minot Area Development Corporation; and the City of Minot, | ) ) ) ) ) ) ) | Case No. 1:09-cv-60 |
| | ) | |
| Defendants. | ) | |

_____

Before the Court are three motions to dismiss and a motion to amend the complaint. See Docket Nos. 2, 5, 20 and 29. Defendant City of Minot filed a "Motion to Dismiss or in the Alternative for a More Definite Statement" on September 15, 2009. See Docket No. 2. Defendant Minot Area Development Corporation (MADC) filed a "Motion to Dismiss" on October 1, 2009. See Docket No. 5. Defendant State of North Dakota/Shane Goettle (State) filed a Motion to Dismiss or in the Alternative for a More Definite Statement" on November 12, 2009. See Docket No. 20. Plaintiff Robert Hale (Hale) has responded to all the motions. See Docket Nos. 11, 19, and 28. All three Defendants have also filed reply briefs. See Docket Nos. 24, 26, and 27. Hale has requested a hearing on the motions. See Docket No. 12.

Hale filed a motion to amend the complaint on December 14, 2009. See Docket No. 29. The City of Minot filed a response in opposition to the motion on December 23, 2009. See Docket No. 32. MADC filed a response in opposition on December 24, 2009. See Docket No. 33. The State

1

has not responded to the motion. For the reasons set forth below, the matter is remanded to the Burleigh County District Court.

**I.    BACKGROUND**

The state court action was commenced on or about August 24, 2009. This case was removed to federal court on September 11, 2009, by the City of Minot. See Docket No. 1. The basis for removal was federal question jurisdiction. 28 U.S.C. § 1331. Hale is a North Dakota resident and taxpayer. Defendant Shane Goettle is the Director of the North Dakota Commerce Department. The City of Minot is a political subdivision of the State of North Dakota. The Minot Area Development Corporation is a North Dakota non-profit corporation. Diversity jurisdiction is not present.

The action is one for declaratory judgment as provided by Section 32–23-01 of the North Dakota Century Code. The original complaint contains essentially one claim, the main thrust of which is that the Defendants have engaged in economic development activities including direct expenditures, loan guarantees and grants, in violation of Article X, Section 18 of the North Dakota Constitution.

> Article X, Section 18 of the North Dakota Constitution provides as follows:
>
> The state, any county or city may make internal improvements and may engage in any industry, enterprise or business, not prohibited by article XX of the constitution, but neither the state nor any political subdivision thereof shall otherwise loan or give its credit or make donations to or in aid of any individual, association or corporation except for reasonable support of the poor, nor subscribe to or become the owner of capital stock in any association or corporation.
>
> The only mention of federal law in the body of the complaint is found in paragraph 14 which

reads as follows:

> Under the 14th Amendment of the United States Constitution's due process and equal protection clauses–and similar provisions contained in Article I, Section 16 of the North Dakota Constitution–a state or political subdivision may expend public

funds only for public purposes, and only where that public purpose is met.

See Docket No. 1-1

The prayer for relief also makes mention of federal law. It states as follows:

WHEREFORE, Robert Hale requests that the district court

1. declare that Article X section 18 of the North Dakota Constitution prohibits the direct and indirect disbursement of public funds, grants, loans guarantees, and the giving of credit to private persons, associations, and corporations for reasons other than the support of the poor as required under Article X section 18 of the North Dakota Constitution, and that under the 14th Amendment of the United States Constitution's due process and equal protection clauses – and the similar provisions contained in Article I, Section 16 of the North Dakota Constitution – a state or political subdivision may expend public funds only for public purposes, and only where that public purpose is met, and

2. declare that such prohibition applies to the State of North Dakota, the North Dakota Department of Commerce, Shane Goettle, Director, in his official capacity as Director of the Department of Commerce; the Minot Area Development Corporation; and the City of Minot.

See Docket No. 1-1. (emphasis added).

## II.  LEGAL DISCUSSION

This action was removed to federal court based upon federal question jurisdiction. The Defendants contend that the complaint should be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). A careful review of the motions to dismiss has led the Court to question the existence of subject matter jurisdiction. If the Court concludes it lacks jurisdiction, the only appropriate course of action would be a remand as the Court cannot dismiss a case over which it does not have subject matter jurisdiction. See Vincent v. Dakota, Minn. & E. R.R. Corp., 200 F.3d 580, 582 (8th Cir. 2000) (noting that when a district court remands for lack of subject matter jurisdiction it also lacks jurisdiction to make any substantive rulings); Nichols v. Harbor Venture, Inc., 284 F.3d 857, 863 (8th Cir. 2002) (vacating dismissal and directing remand

because district court lacked jurisdiction). While Hale has not challenged removal of the action to federal court and has resisted the motions to dismiss, the Court may raise the issue of jurisdiction sua sponte if there is any indication that the Court lacks jurisdiction. Krein v. Norris, 250 F.3d 1184, 1187 (8th Cir. 2001). The Court has a duty to examine whether it has jurisdiction. Thus, the court must determine in the first instance whether a federal question is stated on the face of the complaint. Magee v. Exxon Corp., 135 F.3d 599, 601 (8th Cir. 1998).

28 U.S.C. § 1331 confers original jurisdiction to the federal district courts "of all civil actions arising under the Constitution, laws, or treaties of the United States." Civil actions in which jurisdiction is "founded on a claim or right arising under the Constitution, treaties or laws of the United States" are removable. 28 U.S.C. § 1441(b). A defendant may remove a state court case to federal court only if the case could have been originally filed in federal court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Gore v. Trans World Airlines, 210 F.3d 944, 948 (8th Cir. 2000). In the absence of diversity of citizenship, a defendant must establish federal question jurisdiction, or some other basis for federal jurisdiction, to effect a proper removal. Whether federal question jurisdiction exists is determined by the "well-pleaded complaint rule" which provides that a federal question must be presented on the face of the complaint to invoke federal court jurisdiction. Magee, 135 F.3d at 601. The absence of a finding of federal jurisdiction requires the removed case to be remanded to state court. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 623 (8th Cir.1997); 28 U.S.C. § 1447(c). In the Eighth Circuit, "all doubts about federal jurisdiction [must be resolved] in favor of remand." Transit Cas. Co., 119 F.3d at 625.

The action filed by Hale is one for declaratory judgment pursuant to N.D.C.C. § 32-23-01. The complaint makes no mention of the federal declaratory judgment statute, 28 U.S.C. § 2201. The complaint contains only one claim for relief. Hale's theory appears to be that public funds must be expended for a public purpose and that, while economic development is generally considered a

public purpose,[1] Article X, Section 18 of the North Dakota Constitution places some limits on what constitutes a public purpose and the actions of the Defendants are in violation thereof. Article X, Section 18 of the North Dakota Constitution has no similar counterpart in the federal constitution. Hale claims standing as a North Dakota resident who pays property taxes, state income taxes, and sales tax.

In assessing whether federal question jurisdiction exists, it is important to remember that "a suit arises under the law that creates the cause of action." See Merrell Dow Pharms. Inc. v. Thompson, 478 U.S. 804, 808 (1986) (quoting American Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916)). In this case, the action arises under N.D.C.C. § 32-23-01. However, even though a cause of action is a creature of state law, the case might still be said to arise under federal law if the complaint establishes a right to relief under state law that "requires resolution of a substantial question of federal law in dispute between the parties." Nichols, 284 F.3d at 860 (quoting Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 13 (1983)). The complaint must present "some substantial, disputed question of federal law [as] a necessary element" of the state law claim in order for federal question jurisdiction to exist. Nichols, 284 F.3d at 860.

The complaint contains only two vague references to the 14th Amendment and the Due Process and Equal Protection clauses. But even a cursory reading of the complaint reveals that Hale has not stated, nor attempted to state, a civil rights claim which is not surprising since the action is clearly one for declaratory judgment.

The first reference to the 14th Amendment is found in paragraph 14 of the complaint and the

---

[1] In the context of a takings clause action, the Supreme Court has stated that "promoting economic development is a traditional and long-accepted function of government" and is indistinguishable from other legitimate public purposes. Kelo v. City of New London, Conn., 545 U.S. 469, 484 (2005) (holding the taking of private property under the rubric of economic development does not violate the public use requirement of the takings clause).

second reference is in the prayer for relief. Nowhere in the complaint is there an allegation that the economic development activities of the Defendants allegedly violated the 14th Amendment. Nearly every paragraph in the complaint alleges a violation of Article X, Section 18 of the North Dakota Constitution. Paragraph nineteen of the complaint is particularly illustrative. It contains eight enumerated instances in which it is alleged that Article X, Section 18 of the North Dakota Constitution was violated but there is no mention of a 14th Amendment violation.

The complaint casually refers to both the Equal Protection Clause and the Due Process Clause in relation to the 14th Amendment. The prayer for relief does not ask the Court to declare that any action of the Defendants violated the 14th Amendment. The prayer for relief essentially requests a declaration that the 14th Amendment says what it says and that it applies to the Defendants. Insofar as the prayer for relief requests that the Court declare what is widely understood, that "a state may expend public funds only for public purposes," it does not state a substantial question of federal law which is in dispute.

The 14th Amendment reference in the prayer for relief is made in conjunction with a reference to Article I, Section 16 of the North Dakota Constitution. Article I, Section 16 relates to takings and specifies that economic development is not a public purpose for which private property may be taken. Hale has not alleged a taking. The Supreme Court has ruled that "when the legislature's purpose is legitimate and its means are not irrational, our cases make clear that empirical debates over the wisdom of takings-no less than debates over the wisdom of other kinds of socioeconomic legislation-are not to be carried out in the federal courts." Haw. Hous. Auth. v. Midkiff, 467 U.S. 229, 242-43 (1984).

Hale has also filed a motion to amend the complaint which includes some additional references to federal law. See Docket No. 29. However, removal jurisdiction must be determined based on the pleadings as they existed at the time of removal. See Pullman Co. v. Jenkins, 305 U.S.

534, 537 (1939); 14B Charles Alan Wright et al., Federal Practice and Procedure § 3721 (4th ed. 2009). Thus, the proposed amended complaint cannot be considered in the court's jurisdictional analysis.

Simply stated, there is no 14th Amendment violation alleged in the complaint. The prayer for relief does not ask the Court to declare that any action of the Defendants violated the 14th Amendment. The complaint does not require the resolution of a substantial question of federal law. Because the complaint does not state a federal question, this Court does not have original jurisdiction within the meaning of 28 U.S.C. § 1331. Accordingly, removal was improper and a remand is required. 28 U.S.C. § 1447(c).

It should be noted that as a matter of comity and federalism, it would be far preferable for the state courts to entertain this action rather than the federal courts as the success of Hale's action turns on an interpretation of Article X, Section 18 of the North Dakota Constitution. Ultimately, important and complex matters of state constitutional interpretation should be left to the North Dakota Supreme Court. This is especially true when such an interpretation will involve the application of a long line of North Dakota Supreme Court precedent. See Teigen v. State, 749 N.W.2d 505, 515 (N.D. 2008). There is little question that the state courts are the appropriate forum for a resolution of this dispute.

## III.   CONCLUSION

The complaint is not a model of clarity. However, it is clear that the complaint does not raise a substantial question of federal law and, as such, the federal courts lacks subject matter jurisdiction. This Court expresses no opinion as to whether the complaint states a valid claim under state law. That issue is best left for the North Dakota courts, and ultimately the Supreme Court of North Dakota, to resolve.

Accordingly, the matter is **REMANDED** to the Burleigh County District Court. The motions to dismiss, (Docket Nos. 2, 5, and 20) motion for oral argument, (Docket No. 12) and motion to amend the complaint (Docket No. 29) are **DENIED AS MOOT**.

**IT IS SO ORDERED**.

Dated this 24th day of March, 2010.

*/s/ Daniel L. Hovland*
Daniel L. Hovland, Chief Judge
United States District Court